UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lyon Financial Services, Inc.,

           Plaintiff,

v.

Laura G. Walls, D.M.D., Family
Dentistry, LLC, *et al.*,

           Defendants.

Civ. No. 10-3788 (RHK/AJB)
**MEMORANDUM OPINION
AND ORDER**

Troy C. Kepler, John D. Docken, Marshall, Minnesota, for Plaintiff.

Robert M. McClay, McClay & Alton, PLLP, St. Paul, Minnesota, for Defendants.

**INTRODUCTION**

This matter is before the Court on the Motion of Defendants Laura G. Walls, D.M.D. Family Dentistry, LLC ("Family Dentistry"), and Laura G. Walls, individually, to transfer this action to the United States District Court for the District of South Carolina. For the reasons set forth below, the Court will deny the Motion.

**BACKGROUND**

This action arises out of a September 21, 2009 Equipment Finance Agreement (the "Agreement") between Plaintiff Lyon Financial Services, Inc. d/b/a ChoiceHealth Finance ("Lyon"), a Minnesota corporation with its principal place of business in Marshall, Minnesota, and Family Dentistry, a dental practice operated by Walls in Batesburg, South Carolina. The Agreement financed Family Dentistry's purchase of

certain dental equipment manufactured by Biolase Technology ("Biolase") from a dental equipment distributor, Henry Schein Southeast ("Henry Schein"). In return for Lyon paying the purchase price of the equipment to Henry Schein, Family Dentistry agreed to make 60 monthly payments of approximately $1,900 to Lyon. In addition, Walls personally guaranteed Family Dentistry's obligations under the Agreement.

On August 3, 2010, Lyon commenced the instant action against Family Dentistry and Walls in state District Court in Lyon County, Minnesota, alleging that Family Dentistry had defaulted on its payment obligations and that Walls had not made the past-due payments as Family Dentistry's guarantor. Defendants removed the action to this Court and now seek to transfer it to the District of South Carolina, a purportedly more convenient forum for the parties and witnesses.

**STANDARD OF REVIEW**

Title 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A court faced with a motion to transfer, therefore, must undertake a two-part inquiry. "The initial question . . . is whether the action might have been brought in the proposed transferee district. If so, the Court must [then] consider the convenience and interest of justice factors." Austin v. Nestle USA, Inc., 677 F. Supp. 2d 1134, 1136 (D. Minn. 2009) (Kyle, J.) (citation omitted). Insofar as there is no dispute that this action "might have been brought" in the District of South Carolina, the Court proceeds directly to the second step of the analysis.

There is no precise mathematical formula to be employed when balancing party convenience, witness convenience, and the interests of justice, and a district court enjoys "much discretion" when doing so. Terra Int'l Inc. v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). Courts must be cognizant, however, that transfer motions "should not be freely granted." In re Nine Mile Ltd., 692 F.2d 56, 61 (8th Cir. 1982) (*per curiam*), abrogated on other grounds by Mo. Hous. Dev. Comm'n v. Brice, 919 F.2d 1306 (8th Cir. 1990). Hence, a "heavy" burden rests with the movant to demonstrate why a case should be transferred. E.g., Integrated Molding Concepts, Inc. v. Stopol Auctions L.L.C., Civ. No. 06-5015, 2007 WL 2263927, at *5 (D. Minn. Aug. 6, 2007) (Schiltz, J., adopting Report & Recommendation of Erickson, M.J.); Radisson Hotels Int'l, Inc. v. Westin Hotel Co., 931 F. Supp. 638, 641 (D. Minn. 1996) (Kyle, J.). To satisfy that "heavy" burden, the movant must demonstrate that the relevant factors weigh "strongly" in its favor. Id.

## ANALYSIS

Having carefully considered the relevant factors here, the Court concludes that transfer is not warranted.

First, the convenience-of-parties factor does not favor transfer. It is self-evident that litigating in Minnesota will be more convenient for Lyon, its home forum, while litigating in South Carolina, Defendants' home forum, will be more convenient for Defendants. "Section 1404(a), however, provides for transfer to a *more* convenient forum, not one that is equally convenient (or inconvenient) to the forum originally selected." Advanced Logistics Consulting, Inc. v. C. Enyeart LLC, Civ. No. 09-720,

2009 WL 1684428, at *5 (D. Minn. June 16, 2009) (Kyle, J.) (emphasis in original) (citations omitted). Transfer should not be granted "if the effect is simply to shift the inconvenience" from one party to the other. Id. (citation omitted); accord, e.g., Terra Int'l, 119 F.3d at 696-97.

Defendants argue that Lyon's inconvenience litigating in South Carolina is significantly less than the inconvenience they will incur litigating here. They point out that Family Dentistry is a small, rural dental practice, with Walls as its lone clinician, and that litigating here could cause Family Dentistry to go out of business. On the other hand, they note that Lyon is a subsidiary of a large national bank (U.S. Bancorp) and litigates cases across the country.

But the mere fact that Lyon litigates elsewhere does not mean that it is convenient for Lyon to do so. Moreover, it is difficult to accept Defendants' contention that litigating here would be grossly inconvenient when they consented, in the Agreement, to litigation being venued here and "expressly waive[d] the defense of inconvenient forum." (Vandevere Aff. Ex. A, ¶ 14.) See, e.g., Exploration II, Inc. v. Biallas, No. 09 Civ. 319, 2009 WL 1066244, at *2 (S.D.N.Y. Apr. 21, 2009) ("[D]efendants' allegation that New York is an inconvenient forum must fall on deaf ears, given that the Settlement Agreement that is the basis of plaintiff's action contains a forum selection clause by which defendants consent to venue in New York and expressly waive any objection to venue.").[1]

---

[1] In their Reply, Defendants argue that Walls did not "see or understand" the forum-selection clause in the Agreement because of the "poor quality" of the copy thereof, which Walls received

In any event, the burdens imposed on Defendants by litigating here should be insubstantial. Discovery requiring Walls's presence (such as a deposition) will likely take place in South Carolina, and even if it does not, it is difficult to conceive how a Minnesota deposition (or other discovery) would be overly time-consuming in this relatively simple case. Similarly, the Court does not believe that the trial in this action would be lengthy. Simply put, Defendants' burden litigating in Minnesota should be minimal and does not, in the Court's view, warrant transfer.

Second, witness convenience does not favor transfer. In analyzing this factor, the Court focuses on non-party witnesses, since it is assumed that "witnesses under the control of the parties will appear voluntarily in either jurisdiction." Advanced Logistics, 2009 WL 1684428, at *5 (citations omitted). This is a relatively straightforward breach-of-contract case that should not require testimony or discovery from many non-party witnesses, if any at all. The issues are whether Family Dentistry failed to make the required payments under the Agreement and whether Walls failed to satisfy her obligations as Family Dentistry's guarantor. Non-party witnesses would not appear to have anything to add to those issues.

---

via facsimile. (Reply Mem. at 9; Second Walls Aff. ¶ 6.) Yet, Walls signed the Agreement notwithstanding its so-called "poor quality." She cannot now use the Agreement's (purported) illegibility to avoid its terms. See, e.g., Froholm v. Cox, 934 F.2d 959, 962 (8th Cir. 1991) (applying North Dakota law) ("The [f]ailure to read a document before signing does not excuse ignorance of its contents unless the party shows that he was prevented from reading it by fraud, artifice, or design by the other party.") (alteration in original) (internal quotation marks and citation omitted); Greer v. Kooiker, 253 N.W.2d 133, 140 (Minn. 1977) (party who signed contract without reading it was bound thereto, since she had an "opportunity to ask [for] an explanation" of its contents).

Nevertheless, Defendants point to 24 non-party witnesses, nearly all of whom are located in South Carolina, who ostensibly possess relevant information. They identify 12 Family Dentistry patients who will offer testimony regarding the results they obtained from the Biolase equipment and Walls's competency with that equipment. The remaining witnesses will testify regarding the representations made about the equipment before Family Dentistry purchased it, problems that arose with the equipment, and attempts to return it to Henry Schein. In other words, it appears that Defendants intend to argue that they were misled or fraudulently induced to purchase the Biolase equipment and/or did not receive appropriate training in its use.

While misrepresentations preceding the sale of the equipment might be relevant to claims against its *seller* (Henry Schein) or its *manufacturer* (Biolase), the Court fails to see how such testimony would be relevant to the claims asserted here, which are brought by the *financer* (Lyon). Indeed, this Court has previously rejected the same argument in a similar case brought by Lyon. See Lyon Fin. Servs., Inc. v. Nowobilska Med. Ctr., Inc., Civ. No. 05-1820, 2005 WL 3526682, at *9 (D. Minn. Dec. 22, 2005) (Frank, J.) (noting that claims the equipment purchaser might have against the seller were "not appropriate defenses" to Lyon's claims); see also Lyon Fin. Servs., Inc. v. Hearyman, No. A08-1795, 2009 WL 1515598, at *4 (Minn. Ct. App. June 2, 2009). The issue here is payment, or lack thereof. Non-party witnesses will not clarify that issue.[2]

---

[2] Indeed, as Lyon pointed out at oral argument, the Agreement contains a clause pursuant to which Family Dentistry agreed that "in the event you are not satisfied with . . . the Equipment, . . . you shall only look to persons other than [Lyon] such as the manufacturer, installer or

Third, the interest-of-justice factor does not favor transfer. When analyzing this factor, courts consider:

> (1) judicial economy, (2) the plaintiffs' choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine local law.

Prod. Fabricators, Inc. v. CIT Commc'ns Fin. Corp., Civ. No. 06-537, 2006 WL 2085413, at *3 (D. Minn. July 25, 2006) (Kyle, J.) (citing Terra Int'l, 119 F.3d at 696). Here, several of these considerations weigh in favor of transfer, while several weigh against it. For instance, a judgment obtained here will have to be enforced in South Carolina, a fact that militates in favor of transfer. Similarly, Defendants likely cannot bring their third-party claims against Henry Schein and Biolase in this Court for jurisdictional reasons, another factor favoring transfer.

Yet, Lyon's choice of its home forum is entitled to some deference. See In re Apple, Inc., 602 F.3d 909, 913 (8th Cir. 2010) (*per curiam*). Moreover, the Agreement contains a Minnesota forum-selection clause, which is entitled to some weight in the analysis. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 31-32 (1988).[3] The Agreement also contains a Minnesota choice-of-law clause, and it is preferable to have a Minnesota court apply Minnesota law.

---

supplier and shall not assert against [Lyon] any claim or defense you may have with reference to the Equipment." (Vandevere Aff. Ex. A.)

[3] The clause – which provides that Defendants "consent to jurisdiction and venue of any Court in the State of Minnesota" – is permissive and not mandatory and, accordingly, not entitled to the near-dispositive weight forum-selection clauses typically receive. See Dunne v. Libbra, 330 F.3d 1062, 1063 (8th Cir. 2003).

At bottom, there are thumbs pressing on both sides of the interest-of-justice scale. The Court cannot say that this factor weighs in favor of transfer.

In their brief, Defendants point to three decisions by this Court granting motions to transfer in similar cases brought by Lyon, including one by the undersigned. The Court finds those cases distinguishable. In <u>Lyon Financial Services, Inc. v. PowerNet, Inc.</u>, Civ. No. 01-1089, 2001 WL 1640099 (D. Minn. Nov. 19, 2001) (Tunheim, J.), the Court noted that there were "substantial factual disputes regarding the true terms of the [parties'] Agreement," and the witnesses with information on that issue were located in Nevada. <u>Id.</u> at *3. Similarly, in <u>Lyon Financial Services, Inc. v. Reno Sparks Ass'n of Realtors</u>, Civ. No. 03-5539, 2004 WL 234405 (D. Minn. Feb. 4, 2004) (Tunheim, J.), the Court largely adopted the holding in <u>PowerNet</u>, again keying on the fact the terms of the contract were disputed. <u>Id.</u> at *3. No similar dispute exists here; Defendants have nowhere argued that the terms of the Agreement are not accurately recited in the Agreement itself. And in the third-referenced case, <u>Lyon Financial Services, Inc. v. Dutt</u>, Civ. No. 08-4735, 2008 WL 5104686 (D. Minn. Nov. 25, 2008) (Kyle, J.), the undersigned granted a third-party defendant's motion to transfer, but *only after Lyon did not interpose an objection*. <u>Id.</u> at *2.

As Defendants acknowledge, a motion to transfer turns on the specific facts in a given case. (<u>See</u> Def. Mem. at 17 n.4.) Hence, there are several other decisions by this Court *denying* motions to transfer in similar cases brought by Lyon. See, e.g., <u>Lyon Fin. Servs., Inc. v. bioMerieux, Inc.</u>, 636 F. Supp. 2d 843, 852-55 (D. Minn. 2007) (Frank, J.); <u>Nowobilska</u>, 2005 WL 3526682, at *8-9; <u>Lyon Fin. Servs., Inc. v. Will H. Hall & Son</u>

Builders, Inc., Civ. No. 04-4383, 2005 WL 503371, at *4-5 (D. Minn. Mar. 4, 2005) (Montgomery, J.). The relevant facts here, upon close scrutiny, do not suggest (let alone "strongly" suggest) that transferring this action to South Carolina is warranted.

## CONCLUSION

For all of these reasons, the Court concludes that Defendants have failed to satisfy their "heavy" burden of demonstrating that the relevant factors weigh "strongly" in favor of transfer. Radisson Hotels, 931 F. Supp. at 641. Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendants' Motion to Change Venue (Doc. No. 6) is **DENIED**.

Date: January 13, 2011

                                                s/Richard H. Kyle
                                                RICHARD H. KYLE
                                                United States District Judge